## NEGLIGENCE IN THE ERECTION OF A PAINTER'S SCAFFOLD.

[Circuit Court of Lucas County.]

HENRY J. SPIEKER CO. v. FERGUS FERGUSON.*

Decided, October 31, 1903.

*Master and Servant—Negligence of Foreman of Painters—In Providing Unsafe Scaffold on Which to Work.*

1. It is the duty of the master to provide a safe place for his servants to perform the work for which they are engaged, and where injury results on account of negligence of the master or his foreman in this regard, the master is liable therefor.
2. Where a gang of painters are required by their foreman to work upon a scaffold which had been previously erected by a stranger, and while thus engaged the scaffold fell by reason of the inherent weakness of one of the timbers, and one of the men was hurt thereby, the master is liable on account of the injury sustained.

HAYNES, J. (orally); PARKER, J., and HULL, J., concur.

Error to the Court of Common Pleas of Lucas County.

This action was brought by Fergus Ferguson against the Henry J. Spieker Company to recover for damages which were sustained by him by the fall of a scaffold at the Casino, he being engaged at that time by the Henry J. Spieker Company as a painter employed in working for them at that point. There were some four men who were working together at the time, and they were in that part of the building called the rotunda, and they found boards placed across certain beams or cross-beams of scantling, which had been placed there by some independent parties, to-wit, the employes of an electric company, who were putting in the electric lights and fixtures. The claim on the part of the defense is that the work was being done by these four men; that they were charged with the duty of erecting the scaffolding upon which they were to work and that if there was any neglect in the manner in which the work was performed,

---

* Affirmed by the Supreme Court, November 15, 1904 (71 Ohio State, 503).

it was the neglect of the workmen themselves; that they stood in the relation of fellow-workmen, and that therefore the defendant company was not liable.

It is further set forth by the custom in Toledo and of this company, the workmen were to put up the platforms or scaffolds themselves upon which they were to work in the carrying on of their work. It appears from the testimony that the plaintiff below came here seeking for work and went to the office of the company and saw Mr. Spieker, who was president of the company, and he told Ferguson he did not know whether they wanted men or not, but to go down to the Casino and see his partner, Mr. Berkenbile. Berkenbile was connected with the company and had charge of the working force and of the hiring of the men. Spieker managed the finances and Berkenbile was the manager in the field. He testifies that he went there and saw Berkenbile, who told him that he would go and see and then took him to see a man who was at work with their other men (a Mr. Minneker) and he introduced him to Minneker and told Minneker to set him to work, and thereupon he went to work with that gang or body of four men. They worked some that afternoon and the next morning they went to this part of the building to work, and finding this planking there and this scaffold, they went to work upon it. One of the cross-scantlings was weak; there was a large knot in it and the grain of the timber ran cross-wise instead of length-wise of the timber, so that it was very weak and it fell.

After reading this testimony through we find that the statement made by the plaintiff in regard to the hiring is practically not denied. Berkenbile says he does not remember much about it; and Minneker is in about the same position; there is nowhere any statement made by the defendant denying it, and we are of opinion that where a man is employed, under the rules of law, the employer is bound to furnish him a safe place to work; that at this time this man was under the control of Minneker; that Minneker stood in the relation of foreman to him; that he did so by the action of Berkenbile himself, and that in the work Mr. Minneker became to him a foreman over the men and that it was the duty of Minneker, representing the com-

pany, to have seen to it that the plaintiff had a safe platform or scaffold for the men to work upon.

Other questions might arise, but we do not pass upon them—for instance, as to the effect to be given to this so-called custom in changing the obligation and duty of the owners of the property to furnish a safe place and thus relieve themselves from responsibility. We base the decision entirely upon the evidence that I have already stated; that under the circumstances of the case, Mr. Minneker properly stood in the relation of foreman to these men and represented the company and was bound to see that the scaffold was safe for the men to stand upon, and that in this respect the company, through him, was negligent; and holding these views, the judgment of the court of common pleas will be affirmed and reasonable cause certified for the filing of the petition in error.

*Doyle, Lewis & Schaufelberger,* for plaintiff in error.
*Scribner & Coldham,* for defendant in error.